## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

United States of America,

                Plaintiff,

      v.

Real property commonly known as 6 Beach
Street, Massena, NY 13662,

                Defendant.

Civil Action No.:

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America (the "Plaintiff") brings this verified complaint for forfeiture *in rem* against the above-captioned real property and alleges as follows:

## NATURE OF THE ACTION

This action *in rem* is brought against the above-captioned property pursuant to 21 U.S.C. § 881(a)(7) as real property used to facilitate violations of 21 U.S.C. §§§ 841, 846, and 856 (possession with intent to distribute a controlled substance, distribution of a controlled substance, conspiracy to commit the same, and maintaining a drug-involved premises). The matter is also brought pursuant to Rule G of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule G").

## FORFEITURE AUTHORITY

21 U.S.C. § 881(a)(7) provides for the forfeiture of:

> (7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment.

21 U.S.C. § 881(a)(7).

## THE PARTIES

1.    The Plaintiff is the United States of America.

2.    The Defendant is real property commonly known as 6 Beach Street, Massena, NY 13662, ("the Defendant Real Property" or "Famous A's"), and more particularly described as follows:

> ALL THAT TRACT OR PARCEL OF LAND, situate in the Village of Massena, Town of Massena, County of St. Lawrence and State of New York, and being known as part of Lot No. Thirteen (13) of Block No. Twenty-Seven (27) and delineated on Map No. E-8938-1 entitled Subdivision Plan of Property of Pine Grove Realty Co. and filed in the office of the clerk of the county of St. Lawrence at Canton, New York, on the 22nd day of April, 1919, and described as follows; viz: Beginning at an iron pipe at the intersection of the westerly bounds of Park Avenue and the northerly bounds of Beach Street and running thence along said bounds of Beach Street N. 32 degrees 39' 42" W. 126.11' to a point; thence S. 77 degrees 40' 46" E. 106.49' to a point in the westerly bounds of Park Avenue; thence along said bounds of Park Avenue S. 23 degrees 19' 20" W. 90.87' to the place of beginning, a triangular shaped piece of land

> Together with and subject to any easements, exceptions, rights, privileges, obligations, covenants and conditions of record.

> BEING the same premises described in a deed from Judy O. Leary to David G. Labelle and Wendy D. Labelle dated July 24, 2014 and recorded in the St. Lawrence County Clerk's Office on August 15, 2014 under Instrument number 2014-11363.

3.    Pursuant to Title 18, United States Code, Section 985(b)(1)(A), as real property, the Defendant Real Property shall not be seized prior to the entry of an Order of Forfeiture.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355. Section 1345 provides district courts with "original jurisdiction of all civil actions, suits or proceedings commenced by the United States." 28 U.S.C. § 1345. Section 1355(a) provides district courts with "original jurisdiction, exclusive of the courts of the States, of any

2

action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise, incurred under any Act of Congress." 28 U.S.C. § 1355(a).

5.      This Court has *in rem* jurisdiction over the Defendant Real Property and venue is properly situated in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), which provides that a forfeiture action or proceeding "may be brought in…the district court for the district in which any of the acts or omissions giving rise to the forfeiture occurred." 28 U.S.C. § 1355(b)(1)(A).

6.      Venue is also properly situated in this district pursuant to 28 U.S.C. § 1395(b), which provides that "[a] civil proceeding for forfeiture of property may be prosecuted in any district where such property is found." 28 U.S.C. § 1395(b).

## BACKGROUND

7.      The government brings this action to forfeit real property where an illicit dispensary is currently operating. As is detailed further below, the dispensary is known as Famous A's but also goes by Straight A's, FameAye's, and THC Remedies.

8.      21 U.S.C. § 841 classifies marijuana as Schedule I controlled substances. In New York State, it is unlawful to sell cannabis per New York Penal Law 222. To lawfully sell marijuana in New York State, a proprietor must obtain a license from the New York State Office of Cannabis Management ("OCM").

9.      Licensed New York marijuana dispensaries are required to use an inventory tracking system connected to OCM. Licensed dispensaries are permitted to sell regulated and tested adult-use cannabis products to customers aged 21 years and older. These products include flower, pre-rolls, vaporizers, concentrates, edibles, and tinctures. New York marijuana dispensaries may also sell cannabis accessories but are restricted from selling branded apparel that promotes specific product brands. All legal products feature a state-mandated "universal symbol."

3

Dispensaries can legally sell up to 3 ounces of cannabis flower and up to 24 grams of concentrated cannabis, including vapes, edibles, and topicals per transaction.

10.    On April 29, 2026, it was verified through the New York State Office of Cannabis Management website "Dispensary Location Verification" tool that Famous A's is not licensed to distribute cannabis.

## FACTS GIVING RISE TO FORFEITURE

11.    Famous A's was originally located at 157 Center Street, in Massena, NY 13662.

12.    On May 5, 2023, the Village of Massena sent a cease and desist letter to Famous A's at 157 Center Street based on the unlawful sales of marijuana.

13.    When the business continued to operate, local law enforcement executed a search warrant at Famous A's at 157 Center Street on June 27, 2023, and seized over 42 pounds of cannabis flower, 12 pounds of concentrated cannabis, and 205 suboxone strips.

14.    Two days after the execution the search warrant, a video was posted to Facebook depicting the then-manager stating "Yo yo yo, give me about 20 minutes to smoke my cigarette and we'll be back open for business. Stand by."

15.    As the business continued to operate, law enforcement conducted controlled buys of marijuana at Famous A's at 157 Center Street on September 4, September 5, and September 11, 2025.

16.    In December 2025, Famous A's moved to the Defendant Real Property, where it is currently located. The Defendant Real Property is owned by Christopher Koeller. Christopher Koeller is also a manager at Famous A's.

17.    Prior to Famous A's moving there, an illegal dispensary known as THC Remedies was operated at the Defendant Real Property. A search warrant was executed at the Defendant

4

Real Property on June 27, 2023. Over 13 pounds of cannabis flower and 1.89 pounds of concentrated cannabis were seized.

18.     Christopher Koeller's wife is the sister of the former manager of Famous A's who reopened business days after the state executed the search warrant there.

19.     During the process of various controlled purchases of marijuana and marijuana products at 6 Beach Street, agents identified containers of marijuana labeled as specific strains and various marijuana products for sale including dabs, THC oil and gummies, and drug paraphernalia.

20.     On January 20, 2026, an agent acting in an undercover capacity went to 6 Beach Street and purchased one clear Ziploc bag labeled "Monkey Cookies" that contained a portion of marijuana and a small clear plastic container of concentrated THC oil substance for $102. The products were secured as evidence and tested positive for marijuana.

21.     On May 7, 2026, an agent acting in an undercover capacity went to 6 Beach Street to purchase marijuana.  The agent asked the cashier for a specific strain of marijuana bud and another specific strain in an e- cigarette with a sweet smell.  When given an e-cigarette, the cashier asked the undercover officer to inhale the THC from the e-cigarette to ensure it worked.  The undercover officer advised the cashier they were driving and refused. The undercover officer requested to purchase nine marijuana cigarettes.  The cashier advised the undercover officer that they would also get a free marijuana cigarette.  The undercover officer purchased loose marijuana, the THC e-cigarette, and the marijuana cigarettes for $115.  The products were secured as evidence and tested positive for marijuana.

## CONCLUSION

22.     The facts set forth above support a reasonable belief that the government will be able to meet its burden of proof at trial.

5

WHEREFORE, pursuant to Supplemental Rule G, the Plaintiff, the United States of America, respectfully requests that the Court:

(1)    Issue a Notice of Complaint for Forfeiture Against Real Property and Summons, in the form submitted with this Complaint;

(2)    Direct any person having any claim to the Defendant Real Property to file and serve their Verified Claims and Answers as required by 18 U.S.C. § 983(a)(4) and Supplemental Rule G;

(3)    Enter judgment declaring the Defendant Real Property to be forfeited and condemned to the use and benefit of the United States; and

(4)    Award such other and further relief to the United States as it deems proper and just.

Dated: May 19, 2026

TODD BLANCHE
Acting Attorney General

JOHN A. SARCONE III
First Assistant United States Attorney

By:    /s/ Jeffrey D. Brown
       Jeffrey D. Brown
       Assistant United States Attorney
       Bar Roll No. 707241

## VERIFICATION

STATE OF NEW YORK     )
                              ) ss:
COUNTY OF CLINTON    )

I am a Special Agent with the Drug Enforcement Administration. I have read the foregoing Complaint for Forfeiture *in Rem* and assert that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me as well as on information received from other law enforcement officers.

I hereby verify and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 19 day of May, 2026.

James McClare, Special Agent
Drug Enforcement Administration

7